Case 1:19-cr-00163-JMS-TAB   Document 114   Filed 11/22/24   Page 1 of 11 PageID #: 794

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>MONISA RHODES | )<br>)<br>)<br>) Case No: 1:19-cr-00163-JMS-TAB-1<br>) USM No: 17061-028 |
| Date of Original Judgment: 01/12/2021<br>Date of Previous Amended Judgment: 02/03/2023<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Monica Foster & Scott DeVries (priors)<br>) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 11/22/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00163-JMS-TAB |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MONISHA RHODES (01) | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>MONISHA RHODES, )<br>)<br>*Defendant*. ) | 1:19-cr-00163-JMS-TAB<br><br>-01 |

**ORDER DENYING MOTION TO REDUCE SENTENCE AND MOTION FOR COMPASSIONATE RELEASE**

Defendant Monisha Rhodes (01) has filed a Motion to Reduce Sentence under Amendment 821 to the United States Sentencing Guidelines, [Filing No. 103], and a Motion for Compassionate Release, [Filing No. 113]. The motions are now ripe for the Court's review.

**I.**
**BACKGROUND**

In 2019, Ms. Rhodes was charged with being a felon in possession of a firearm and on January 12, 2021 she pled guilty to that charge. [Filing No. 5; Filing No. 70.] At sentencing, the Court calculated Ms. Rhodes' offense level at 15, with a base offense level of 14, plus a four-level enhancement because she possessed the firearm in connection with another felony offense (possession and distribution of fentanyl), minus three points for acceptance of responsibility. [*See* Filing No. 58 at 4-5.] Ms. Rhodes received 13 criminal history points – 11 points from her past criminal history, plus 2 points because she committed the offense underlying this case while on probation in connection with two state court cases. [*See* Filing No. 58 at 13.] Her offense level placed her in criminal history category of VI, with a guideline range of 41 to 51 months'

2

imprisonment. [*See* Filing No. 58 at 22.] The Court sentenced Ms. Rhodes to a below-guidelines term of time served, and three years of supervised release. [Filing No. 71.]

On July 14, 2021, Ms. Rhodes was charged by Complaint with one count of Possession with Intent to Distribute 40 Grams or More of Fentanyl, one count of Possession of a Firearm in Furtherance of Drug Trafficking, and one count of Possession of a Firearm by a Previously Convicted Felon.[1] [Filing No. 2 in *United States of America v. Monisha Rhodes*, 1:21-cr-00258-JMS-TAB ("*Rhodes II*").] Subsequently, the United States Probation Office ("USPO") petitioned the Court to revoke Ms. Rhodes' term of supervised release in this case for testing positive for the use of numerous controlled substances on seven different occasions and because she had been charged in *Rhodes II*. [Filing No. 79.] The USPO's Petition was held in abeyance pending the resolution of *Rhodes II*. [Filing No. 86.]

On October 25, 2022, Ms. Rhodes pled guilty in *Rhodes II* to one count of Possession with Intent to Distribute 400 grams or more of fentanyl. [Filing No. 39 in *Rhodes II*.] On January 30, 2023, the Court revoked Ms. Rhodes' supervised release in this case and sentenced her to 24 months' imprisonment with no supervised release to follow. [Filing No. 95.] The same day, the Court sentenced Ms. Rhodes to 120 months' imprisonment in *Rhodes II*, to be served consecutively with her 24-month sentence in this case. [Filing No. 51 in *Rhodes II*.]

Ms. Rhodes filed a Motion for Compassionate Release in *Rhodes II*, arguing that she suffers from numerous health issues, that she was not receiving adequate medical care in prison, that the living conditions in prison were "deplorable," and that the caregiver of her minor child had died or become incapacitated and she was the only available caregiver for her child. [Filing No. 57 in

---

[1] An Indictment filed on September 8, 2021 charged Ms. Rhodes with these offenses and an additional count of Possession with Intent to Distribute Controlled Substances. [Filing No. 10.]

3

*Rhodes II*.] The Court denied Ms. Rhodes' Motion for Compassionate Release in *Rhodes II* on August 21, 2024, assuming without deciding that she had shown extraordinary and compelling reasons for her release, but finding that the sentencing factors set forth in 18 U.S.C. § 3553(a) did not weigh in favor of granting her motion. [Filing No. 71 in *Rhodes II*.] Specifically, the Court noted that:

> Ms. Rhodes committed a serious crime and has an extensive criminal history including eight prior felony convictions…. The Court has serious concerns that Ms. Rhodes may simply resume her criminal behavior if released early because she committed this offense during her term of supervised release on her latest offense. Further, Ms. Rhodes has served less than half of her sentence and is not scheduled to be released from prison until October 2031; thus, releasing her now would be a substantial reduction in her sentence.

[Filing No. 71 at 6 in *Rhodes II*.] Ms. Rhodes has appealed the Court's decision in *Rhodes II* to the Seventh Circuit Court of Appeals. [Filing No. 75 in *Rhodes II*.]

Ms. Rhodes filed a Motion to Reduce Sentence under Amendment 821 and a Motion for Compassionate Release in this case on January 2, 2024. [Filing No. 103; Filing No. 113.] In her Motion for Compassionate Release, she set forth the same grounds she relied upon in her Motion for Compassionate Release in *Rhodes II*. [Filing No. 103.] The Court considers both Motions below.

## II.
### MOTION TO REDUCE SENTENCE

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's sentence is based on a guideline range that, after the defendant's sentencing, was lowered by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court determines whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at

4

827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable factors under 18 U.S.C. § 3553(a) and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

### A.     Step One Analysis

As discussed above, Ms. Rhodes' base offense level was 14, with a total offense level of 15. [Filing No. 58 at 4-5.] That and her criminal history of 13 placed her in a criminal history category of VI, which resulted in a Guideline range of 41 to 51 months' imprisonment. [Filing No. 58 at 22.] By referring to "'status points' qualification reduction" in her motion, Ms. Rhodes appears to argue that Amendment 821 would result in a change in her status points. Indeed, Amendment 821 would result in Ms. Rhodes receiving only one status point, so that her criminal history points would amount to 12 instead of 13 and, as a result, she would have a criminal history category of V instead of VI and a Guideline range of 37 to 46 months' imprisonment instead of 41 to 51 months.[2] But the Court imposed a sentence of time served, and the Sentencing Guidelines provide that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). Ms. Rhodes was already sentenced to time served, and the Court cannot reduce her sentence any further.

To the extent Ms. Rhodes focuses on her 24-month sentence, that sentence was only imposed after she violated the terms of her supervised release. Comment 8(A) to U.S.S.G. §

---

[2] The Court is issuing a Notice of Change in Criminal History Points simultaneously with this Order.

5

1B1.10 states that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, Cmt. 8(A). For purposes of Amendment 821, the Court only considers Ms. Rhodes' original sentence of time served and finds that she is not entitled to a sentence reduction. Because of this determination, the Court need not consider the § 3553(a) factors under Step Two.

Ms. Rhodes' Motion to Reduce Sentence, [Filing No. 103], is **DENIED**.

### III.
#### MOTION FOR COMPASSIONATE RELEASE

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exist and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

6

### A. Extraordinary and Compelling Reasons

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Ms. Rhodes argues that she suffers from multiple health issues and is not receiving adequate care in prison; that conditions in prison are "deplorable"; that her daughter is gravely ill and her caregiver cannot properly care for her; and that her mother cares for Ms. Rhodes' two sons and now has stage 4 or 5 cancer and can no longer do so. [Filing No. 113.] U.S.S.G. § 1B1.13(b)(3)(A) provides that an extraordinary and compelling reason for release exists when the defendant has met her burden to show "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). The Court will assume without deciding that Ms. Rhodes has met the conditions of this provision and that extraordinary and compelling reasons for her release exist.[3]

---

[3] Because the Court assumes without deciding that there is an extraordinary and compelling reason to release Ms. Rhodes based on her family circumstances, the Court need not discuss whether Ms. Rhodes' remaining proffered reasons for release also constitute extraordinary and compelling reasons for her release.

### B. Danger to the Safety of Any Other Person or the Community

Next, the Court considers whether Ms. Rhodes would be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Ms. Rhodes was charged with, and pled guilty to, possession with intent to distribute 400 grams of fentanyl in *Rhodes II*. She intended to distribute this extremely potent and dangerous drug into the community and was also carrying a firearm while doing so. Moreover, she was on supervised release in this case when she was arrested in *Rhodes II*. These circumstances lead the Court to conclude that Ms. Rhodes would be a danger to the safety of any other person or the community if she was released now.

### C. § 3553(a) Factors

Even though the Court's finding that Ms. Rhodes is a danger to the safety of any other person or the community warrants denial of her Motion for Compassionate Release, the Court will briefly discuss the § 3553(a) factors.[4] Ms. Rhodes' circumstances have not changed from the time she filed her Motion for Compassionate Release in *Rhodes II*, and the Court stands by its analysis of the § 3553(a) factors in connection with that Motion. Specifically, weighing in Ms. Rhodes' favor is the fact that she has maintained employment through UNICOR while incarcerated and has participated in BOP programming while incarcerated. [Filing No. 113 at 5.] But weighing against

---

[4] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

her is the fact that Mr. Rhodes violated her supervised release in this case and committed a serious crime for which she was charged in *Rhodes II*. She also has an extensive criminal history, including eight prior felony convictions. [Filing No. 58 at 6-13.] The Court has serious concerns that Ms. Rhodes would resume her criminal behavior if she was released early, especially given the fact that she committed the offenses charged in *Rhodes II* while on supervised release in this case. Further, Ms. Rhodes is not scheduled to be released from prison until October 2031, so releasing her now would be a substantial reduction in her sentence.

In considering the § 3553(a) factors, the Court finds that releasing Ms. Rhodes early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion…is enough; more would be otiose.").

In sum, the Court finds that Ms. Rhodes is a danger to the safety of any other person or to the community and that the § 3553(a) factors weigh against her release. Accordingly, the Court **DENIES** her Motion for Compassionate Release. [Filing No. 113.]

### IV.
### CONCLUSION

For the foregoing reasons, Ms. Rhodes' Motion to Reduce Sentence, [103], and her Motion for Compassionate Release, [113], are **DENIED**.

Date: 11/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Monisha Rhodes
#17061-028
FCI Tallahassee
Federal Correctional Institution
P.O. Box 5000
Tallahassee, FL 32314