UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00163-JMS-TAB |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MONISHA RHODES | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *vs.* | ) | 1:19-cr-00163-JMS-TAB |
| | ) | |
| MONISHA RHODES, | ) | -01 |
| | ) | |
| *Defendant.* | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Monisha Rhodes (01) has filed a Motion for Compassionate Release, [Filing No. 116], which is ripe for the Court's review.

**I.**
**BACKGROUND**

In 2019, Ms. Rhodes was charged with being a felon in possession of a firearm, and on January 12, 2021, she pled guilty to that charge. [Filing No. 5; Filing No. 70.] At sentencing, the Court calculated Ms. Rhodes' offense level at 15, with a base offense level of 14, plus a four-level enhancement because she possessed the firearm in connection with another felony offense (possession and distribution of fentanyl), minus three points for acceptance of responsibility. [*See* Filing No. 58 at 4-5.] Ms. Rhodes received 13 criminal history points – 11 points from her past criminal history, plus 2 points because she committed the offense underlying this case while on probation in connection with two state court cases. [*See* Filing No. 58 at 13.] Her offense level placed her in criminal history category of VI, with a guideline range of 41 to 51 months' imprisonment. [*See* Filing No. 58 at 22.] The Court sentenced Ms. Rhodes to a below-guidelines term of time served, and three years of supervised release. [Filing No. 71.]

2

On July 14, 2021, Ms. Rhodes was charged by Complaint with one count of Possession with Intent to Distribute 40 Grams or More of Fentanyl, one count of Possession of a Firearm in Furtherance of Drug Trafficking, and one count of Possession of a Firearm by a Previously Convicted Felon.[1] [Filing No. 2 in *United States of America v. Monisha Rhodes*, 1:21-cr-00258-JMS-TAB ("*Rhodes II*").] Subsequently, the United States Probation Office ("USPO") petitioned the Court to revoke Ms. Rhodes' term of supervised release in this case for testing positive for the use of numerous controlled substances on seven different occasions and because she had been charged in *Rhodes II*. [Filing No. 79.] The USPO's Petition was held in abeyance pending the resolution of *Rhodes II*. [Filing No. 86.]

On October 25, 2022, Ms. Rhodes pled guilty in *Rhodes II* to one count of Possession with Intent to Distribute 400 grams or more of fentanyl. [Filing No. 39 in *Rhodes II*.] On January 30, 2023, the Court revoked Ms. Rhodes' supervised release in this case and sentenced her to 24 months' imprisonment with no supervised release to follow. [Filing No. 95.] The same day, the Court sentenced Ms. Rhodes to 120 months' imprisonment in *Rhodes II*, to be served consecutively with her 24-month sentence in this case. [Filing No. 51 in *Rhodes II*.]

Ms. Rhodes filed a Motion for Compassionate Release in *Rhodes II*, arguing that she suffers from numerous health issues, that she was not receiving adequate medical care in prison, that the living conditions in prison were "deplorable," and that the caregiver of her minor child had died or become incapacitated and she was the only available caregiver for her child. [Filing No. 57 in *Rhodes II*.] The Court denied Ms. Rhodes' Motion for Compassionate Release in *Rhodes II* on August 21, 2024, assuming without deciding that she had shown extraordinary and compelling

---

[1] An Indictment filed on September 8, 2021 charged Ms. Rhodes with these offenses and an additional count of Possession with Intent to Distribute Controlled Substances. [Filing No. 10.]

reasons for her release, but finding that the sentencing factors set forth in 18 U.S.C. § 3553(a) did not weigh in favor of granting her motion. [Filing No. 71 in *Rhodes II*.] Specifically, the Court noted that:

> Ms. Rhodes committed a serious crime and has an extensive criminal history including eight prior felony convictions…. The Court has serious concerns that Ms. Rhodes may simply resume her criminal behavior if released early because she committed this offense during her term of supervised release on her latest offense. Further, Ms. Rhodes has served less than half of her sentence and is not scheduled to be released from prison until October 2031; thus, releasing her now would be a substantial reduction in her sentence.

[Filing No. 71 at 6 in *Rhodes II*.] Ms. Rhodes has appealed the Court's decision in *Rhodes II* to the Seventh Circuit Court of Appeals. [Filing No. 75 in *Rhodes II*.] As a part of her appeal, she filed a Letter with Tendered Brief before the Seventh Circuit, [Filing No. 33 in *United States of America v. Monisha Rhodes*, No. 24-2577 ("*Rhodes II Appeal*")], but the Seventh Circuit forwarded it to this Court to determine proper action "[b]ecause it did not appear that the filing was intended" for the Seventh Circuit as part of her appeal, [Filing No. 34 in *Rhodes II Appeal*]. The Court filed Ms. Rhodes' Letter with Tendered Brief as the pending Motion for Compassionate Release in this case, [Filing No. 116; *see* Filing No. 34 in *Rhodes II Appeal*], which the Government has responded to, [Filing No. 119].

In the pending Motion for Compassionate Release, Ms. Rhodes sets forth the same grounds she relied upon in her Motion for Compassionate Release in *Rhodes II* and her first Motion for Compassionate Release in this case.[2] [Filing No. 103; Filing No. 113.] The Court considers the pending Motion below.

---

[2] While Ms. Rhodes' Motion includes reference to "this appeal," the Court construes the Motion as a Motion for Compassionate Release and addresses it pursuant to the Seventh Circuit's directive to determine the proper action.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exist and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

### A.     Extraordinary and Compelling Reasons

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines

Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. See U.S.S.G. § 1B1.13 (Nov. 2023).

Ms. Rhodes argues that she suffers from multiple health issues and is not receiving adequate care in prison; that her disabled daughter is gravely ill and her caregiver (Ms. Rhodes' mother) cannot properly care for her or Ms. Rhodes' two sons because she is incapacitated with cancer; and that she has held a job and participated in programming through her period of incarceration. [Filing No. 116.] U.S.S.G. § 1B1.13(b)(3)(A) provides that an extraordinary and compelling reason for release exists when the defendant has met her burden to show "[t]he death or incapacitation of the caregiver of the defendant's minor child." U.S.S.G. § 1B1.13(b)(3)(A). The Court will assume without deciding that Ms. Rhodes has met the conditions of this provision and that extraordinary and compelling reasons for her release exist.[3]

### B. Danger to the Safety of Any Other Person or the Community

Next, the Court considers whether Ms. Rhodes would be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The Court's analysis from Ms. Rhodes' fist Motion for Compassionate Release in this case applies equally here, as the considerations remain unchanged. Ms. Rhodes was charged with, and pled guilty to, possession with intent to distribute 400 grams of fentanyl in *Rhodes II*. She intended to distribute this extremely potent and dangerous drug into the community and was also carrying a firearm while doing so. Moreover, she was on supervised release in this case when she was

---

[3] Because the Court assumes without deciding that there is an extraordinary and compelling reason to release Ms. Rhodes based on her family circumstances, the Court need not discuss whether Ms. Rhodes' remaining proffered reasons for release also constitute extraordinary and compelling reasons for her release.

6

arrested in *Rhodes II*. These circumstances lead the Court to conclude that Ms. Rhodes would be a danger to the safety of any other person or the community if she was released now.

C.     § 3553(a) Factors

Even though the Court's finding that Ms. Rhodes is a danger to the safety of any other person or the community warrants denial of her Motion for Compassionate Release, the Court will briefly discuss the § 3553(a) factors.[4] Ms. Rhodes' circumstances have not changed from the time she filed her first Motion for Compassionate Release in this case or her Motion for Compassionate Release in *Rhodes II*, and the Court stands by its analysis of the § 3553(a) factors in connection with both Motions. [Filing No. 114; Filing No. 71 in *Rhodes II*.] Specifically, weighing in Ms. Rhodes' favor is the fact that she has maintained employment through UNICOR while incarcerated and has participated in BOP programming while incarcerated. [Filing No. 116-1 at 35-39.] But weighing against her is the fact that Mr. Rhodes violated her supervised release in this case and committed a serious crime for which she was charged in *Rhodes II*. She also has an extensive criminal history, including eight prior felony convictions. [Filing No. 58 at 6-13.] The Court has serious concerns that Ms. Rhodes would resume her criminal behavior if she were released early, especially given the fact that she committed the offenses charged in *Rhodes II* while on supervised

---

[4] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

release in this case. Further, Ms. Rhodes is not scheduled to be released from prison until October 2031, so releasing her now would be a substantial reduction in her sentence.

In considering the § 3553(a) factors, the Court finds that releasing Ms. Rhodes early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion…is enough; more would be otiose.").

In sum, the Court finds that Ms. Rhodes is a danger to the safety of any other person or to the community and that the § 3553(a) factors weigh against her release. Accordingly, the Court **DENIES** her Motion for Compassionate Release. [Filing No. 116.]

### III. CONCLUSION

For the foregoing reasons, Ms. Rhodes' Motion for Compassionate Release, [116], is **DENIED**.

Date: 7/29/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Monisha Rhodes
#17061-028
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555

8