UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00258-JMS-TAB |
| | ) | |
| MONISHA RHODES, | ) | -01 |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Defendant Monisha Rhodes (01) is serving a 120-month sentence for one count of Possession with Intent to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), and a 24-month sentence for violating her terms of supervised release in Case No. 1:19-cr-00163-JMS-TAB-1. On August 24, 2026, she filed a Motion to Clarify and Request for Certification Regarding Qualifying Offenses and First Step Act Eligibility, in which she notes that in 2024 the Court entered an Order in another criminal case in which she is a defendant, 1:19-cr-00163-JMS-TAB-01, reducing her criminal history points to 12. [Filing No. 88 at 1-2.] She argues that the BOP did not "timely implement[ ]" the Court's Order reducing her criminal history points and requests that the Court: "a. Clarify the effect of [the] 2024 order reducing [her] pattern/PATTERN score; b. Clarify that the order should be recognized by the BOP as effective January 2, 2024; c. Recognize and certify, to the extent permitted, that Defendant has two qualifying offenses for purposes of the First Step Act; d. Direct the Clerk to transmit a certified copy of this Court's order, the 2024 order, and the supporting documentation to the [BOP's] Central Office and SFF Hazelton; e. Direct the BOP to correct [her] central file and [First Step Act]

eligibility records; [and] f. Direct the BOP to review and restore any [First Step Act] credits removed after the improper ineligible or automatic code was entered." [Filing No. 88 at 2.]

The Government argues in response to Ms. Rhodes' Motion to Clarify that Ms. Rhodes is not eligible to earn First Step Act credits because she was convicted of distributing fentanyl. [Filing No. 125 in Case No.1:19-cr-00163-JMS-TAB-1 at 2-3.][1] It argues further that the BOP, and not the Court, is authorized to determine a defendant's PATTERN score. [Filing No. 125 in Case No. 1:19-cr-00163-JMS-TAB-1 at 2-3.]

The United States Supreme Court explained in *United States v. Wilson*, 503 U.S. 329, 334-35 (1992), that the responsibility to compute a federal sentence lies with the Bureau of Prisons. A challenge to the computation, if made at all, should be asserted through an action for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241(c)(3) naming the defendant's custodian as respondent. Such an action can only be filed after administrative remedies have been exhausted, and can only properly be brought in the district of the defendant's confinement.

Accordingly, Ms. Rhodes' Motion to Clarify and Request for Certification Regarding Qualifying Offenses and First Step Act Eligibility, [88], is **DENIED**.[2] The **CLERK** is **DIRECTED** to docket a copy of this Order in Case No. 1:19-cr-00163-JMS-TAB-1 and to

[1] The Court docketed Ms. Rhodes' Motion to Clarify in her other case, Case No. 1:19-cr-00163-JMS-TAB-1, and then – in both of her cases – ordered the Government to respond to the Motion to Clarify by September 29, 2026. The Government only filed its response in the other case, so the Court cites to its response as filed in that case.

[2] In any event, Ms. Rhodes is not eligible for credits under the First Step Act because her underlying conviction was for Possession with Intent to Distribute 400 Grams or More of Fentanyl. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:….(lxvi) [provisions] relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or any analogue thereof.").

**TERMINATE** the Motion to Clarify and Request for Certification Regarding Qualifying Offenses and First Step Act Eligibility docketed in that case, [Filing No. 122 in Case No. 1:19-cr-00163-JMS-TAB-1].

Date: 10/1/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record</u>**

**<u>Distribution via United States Mail to:</u>**

Monisha Rhodes
#17061-028
FCI Tallahassee
Federal Correctional Institution
P.O. Box 5000
Tallahassee, FL 32314